UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALYCIA JOHNS, ) | Case No.: 2:22-cv-04791-KBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NELNET; SANTANDER CONSUMER USA; ) | **PLAINTIFF'S OPPOSITION TO** |
| FIRST PREMIER BANK; LVNV FUNDING; ) | **TRANSUNION'S MOTION FOR** |
| EQUIFAX INFORMATION SERVICES, ) | **CLARIFICATION** |
| LLC; EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC.; INNOVIS DATA ) | |
| SOLUTIONS, INC. and TRANSUNION, ) | |
| LLC; ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, Alycia Johns, respectfully submits this brief Opposition to TransUnion, LLC's ("TU") motion for clarification [ECF 224].

TU's motion is improper. "A motion for clarification is available for parties to ask a court to explain or clarify something ambiguous or vague about a court's decision, not to alter or amend it." *Solid State Chemicals Ltd. v. Ashland LLC*, 2022 U.S. Dist. LEXIS 94821, at \*4 (W.D. Pa. May 26, 2022). "Despite the caption, [TU]'s motion does not seek clarification . . . Rather, [TU] asks the Court to reconsider its summary judgment decision. This request is not only untimely, but improperly raises an argument not previously raised." *Habas Sinai Ve Tibbi Gazlar Istihsal A.S. v. Int'l Tech. & Knowledge Co.*, 2026 U.S. Dist. LEXIS 116256, at \*4-5 (W.D. Pa. May 27, 2026).

Here, the Court's opinion on summary judgment regarding the § 1681e(b) claim very clearly was only limited to Equifax, as acknowledged by TU. [ECF 222], at 53 ("The Court . . . grants summary judgment in favor of Equifax on the § 1681e(b) claim."). There is no ambiguity. Moreover, part of the Court's decision focuses on evidence of whether Equifax maintains a blanket

policy not to investigate the third dispute. *Id.*; *but see* Plaintiff's Motion for Reconsideration, p. 19 (disputing this finding). This clearly does not apply to TU, and TU cannot use it now to justify its belated motion for summary judgment now.

Therefore, as noted in Plaintiff's motion for reconsideration, TransUnion's request for judgment as a matter of law is too late. TU cannot retroactively seek summary judgment for an argument it never made on summary judgment. TU concedes in its summary judgment that it did not address any argument under §§ 1681e(b) and i. [ECF 140-40], p. 6 n. 6 ("Trans Union will not be addressing those factors despite its position that summary judgment could also be granted on those issues.").

"As has been noted over and over again by a number of courts both within this circuit and elsewhere, a motion for summary judgment is 'the 'put up or shut up' moment in a lawsuit.'" *Everest Nat'l Ins. Co. v. Sutton*, 2009 U.S. Dist. LEXIS 96091, at *18-19 (D.N.J. Oct. 14, 2009) (*citing Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) ("Summary judgment is not a dress rehearsal or a practice run")). "Defendants were given their chance to 'put up,' and they simply did not raise the defenses they now seek to assert." *Id.* at *19. Likewise, TU here did not "put up" this argument at summary judgment, and therefore must suffer the consequences of its inaction.

Dated: June 2, 2026.

Respectfully Submitted,

/s/ Nicholas Linker
Nicholas Linker, Esq.
Daniel Zemel, Esq.
Zemel Law LLC
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 2d day of June, 2026 a true and correct copy of the foregoing document was sent to all counsel of record via the Court's ECF system.

_s/ Nicholas Linker
Nicholas Linker, Esq.