UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ALYCIA JOHNS,                                    )  Case No.: 2:22-cv-04791-KBH
                                                 )
                Plaintiff,                       )
                                                 )
    vs.                                          )
                                                 )
NELNET; SANTANDER CONSUMER USA;                  )
FIRST PREMIER BANK; LVNV FUNDING;                )
EQUIFAX INFORMATION SERVICES,                    )
LLC; EXPERIAN INFORMATION                        )
SOLUTIONS, INC.; INNOVIS DATA                    )
SOLUTIONS, INC. and TRANSUNION,                  )
LLC;                                             )
                                                 )
                Defendants.                      )
                                                 )

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff, by and through undersigned counsel, respectfully submits this Notice of Supplemental Authority with regard to Plaintiff's Motion for reconsideration. [ECF 228]. Plaintiff wishes to advise the Court of *Kaplan v. Trans Union, LLC*, 2026 U.S. Dist. LEXIS 95545 (E.D.Pa. Apr. 29, 2026), which Plaintiff recently became aware of.

In Plaintiff's motion for reconsideration, Plaintiff argues that the Court's determination that TU refused to block the tradelines due to the statutory exceptions under § 1681c-2(c) is contradicted by the record. [ECF 228], at 10-11. Plaintiff identified that TU directly testified that it never made a determination that the disputed accounts were the result of any of the exceptions laid out in the statute. *Id.* (*citing* Tilghman Dep. 115:1-124:4).

The evidence in *Kaplan* supports this argument. In *Kaplan*, the court found that "TransUnion's standardized fraud block procedure does not follow [the] clear statutory schema." 2026 U.S. Dist. LEXIS 95545, at *16. The evidence in *Kaplan* show that TU uniformly sends a

letter that a request is denied based on one of the statutory exceptions, but in reality it is based on one of seven internal factors that are not directly connected to the statute. *Id.* at *17, *26.

For these reasons, Plaintiff asks the court to take notice of *Kaplan*.

Dated: June 2, 2026.

Respectfully Submitted,

/s/ Nicholas Linker
Nicholas Linker, Esq.
ZEMEL LAW LLC
660 Broadway
Paterson, New Jersey 07514
Tel: (862) 227-3106
Email: nl@zemellawllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2d day of June, 2026 a true and correct copy of the foregoing document was sent to all counsel of record via the Court's ECF system.

/s/ Nicholas Linker
Nicholas Linker, Esq.

3