

DANIEL ZEMEL, ESQ. (NY, NJ)
660 BROADWAY
PATERSON, NJ 07632
PHONE:   (862) 227-3106
FAX:       (862) 204-5901
DZ@ZEMELLAWLLC.COM

June 4, 2026

**VIA ECF:**

Honorable Kelley B. Hodge, U.S.D.J.
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

<div style="margin-left:2em">

**RE:** **Johns v. Experian Information Solutions, Inc.**
**Docket No.** **2:22-cv-4791**
**Clarification of Plaintiff's Reply in Further Support of**
**Motion for Reconsideration as to Defendant Nelnet**

</div>

Dear Judge Hodge,

My firm represents Plaintiff, Alycia Johns, in the above matter. I write to respectfully clarify Plaintiff's recently filed brief in reply in further support of Plaintiff's motion for reconsideration. [ECF 241]. Following the filing of the Reply, counsel for Defendant Nelnet contacted my office expressing concern that Exhibit A could inadvertently mislead the Court regarding the timeline of evidence. Plaintiff submits this letter to proactively clarify the precise nature of Exhibit A and the footnote, ensure absolute transparency, and demonstrate that its submission is entirely consistent with the Court's authority to prevent manifest injustice.

**Briefing Background**

In the Court's summary judgment opinion, the Court noted a lack of evidentiary support for Plaintiff's position that she had provided Nelnet with notice of familial fraud [ECF 222], at 50 ("Johns brazenly asserts without any evidentiary support that she called Nelnet and told them that this was familiar fraud."). On Reconsideration, Plaintiff pointed to numerous pieces of evidence, including instances where Plaintiff testified that she provided documents to Nelnet on multiple occasions that identified familial fraud in an ID Theft Package. *See, e.g.*, Plaintiff's Motion for Reconsideration [ECF 228], p. 12-13 (*citing* Johns Dep. 420:6-18; 421:20-422:10; 463:5-11; 465:22-466:14; 467:3-468:8; 474:19-475:10 (testifying that she provided the requested information before July 26, 2022); 476:6-

22. Most importantly, Plaintiff's testimony was corroborated by Nelnet itself, when its corporate representative testified that Nelnet received an "ID theft package" as of February 8, 2021. Latimer Dep. 84:13-85:23 ("clearly Nelnet did receive an ID theft package").

During preparation of the Reply brief, despite the fact that the summary judgment briefing, Plaintiff's Response to Nelnet's SUMF [ECF 162-1], ¶ 172, and two of the depositions discussed the ID Theft Packages with precision, it became apparent that the package directly referenced was inexplicably not attached to any exhibits on summary judgment. Therefore, Plaintiff submitted Exhibit A to cure this technical omission. (PL103, 105-07).

### The Issue

Since the filing of the Reply, Nelnet has advised Plaintiff that it believes the submission of Exhibit A in the footnote will intentionally mislead the court by omitting the fact that the ID Theft Package in the exhibit is a copy of the package sent on October 14, 2022. Nelnet is partially correct, and in an abundance of caution, Plaintiff agreed that clarification is warranted.[1] Plaintiff believed it prudent to advise the Court of the issue, to avoid any misconception by the Court, and explain Plaintiff's submission before the Court considered the briefing.

Exhibit A is a copy of an ID Theft Package completed by Plaintiff and submitted to Nelnet with her online submission on October 14, 2022. Plaintiff's Exhibit 3 to Plaintiff's Opposition to Nelnet's summary judgment (PL108) [ECF 162-5]. However, Plaintiff provided this same information—information of the familial fraud—in her earlier ID Theft Package too. Johns Dep. 413:19-414:7. Accordingly, Plaintiff cited to Exhibit A as representative of what her 2021 ID Theft Package contained. As can be seen, Plaintiff introduced it in a footnote with the signal "*See, e.g.*" to denote this.

While Federal Rule of Civil Procedure 56(c)(3) states a court need only consider cited materials, it explicitly notes that the court "may consider other materials in the record." Because the ID Theft Package's contents, validation, and receipt were extensively discussed under oath by both parties during depositions, briefed by both parties, and in Plaintiff's response to Nelnet's Statement of Facts, the substance of this evidence was already deeply embedded within the cases factual record, enabling the Court to review it on Reconsideration.

Even if the Court were to consider Exhibit A, not in "the record" despite its repeated explicit reference, the Court can and should consider it at this juncture. *Cantwell Family Tr. v. Hyten*, 2016 U.S. Dist. LEXIS 52688, at *6 (W.D. Tex. Apr. 20, 2016) (*citing Lavespere v. Niagara Mach. & Tool Works, Inc*., 910 F.2d 167, 174 (5th Cir. 1990)

---

[1] Nelnet demanded that Plaintiff strike the entire motion for the footnote's offense. Plaintiff agreed to clarify the footnote in a revised motion to avoid any misunderstanding. This solution was not acceptable to Defendant.

(reconsideration may be granted based on omitted evidence). Indeed, the evidence was clearly made available to both sides, is key evidence as to Nelnet's knowledge, and there can be no prejudice from reviewing the actual document which is specifically referenced throughout the briefing.

The filing of Exhibit A is not to introduce a new fact, new piece of evidence in and of itself, a new proposition or a new argument. It simply provides the specific content of the document which was repeatedly addressed in the briefing, and the depositions of both Nelnet and Plaintiff. In fact, even if Nelnet has a point, the Court should still consider the exhibit to prevent manifest injustice. *See NL Indus. v. Commerical Union Ins. Co.*, 935 F. Supp. 513, 515 (D.N.J. 1996) (reconsideration used when the need to "prevent manifest injustice arises."). Throwing out a plaintiff's entire case because of a failure to attach a document that both sides have already mentioned under oath is exactly the kind of "manifest injustice" the reconsideration rules were designed to fix.

For these reasons, Plaintiff respectfully requests that the Court accept this supplement as a clarification to Plaintiff's Reply in Further Support of Reconsideration concerning Nelnet's Opposition.

Respectfully submitted,

/s/ Daniel Zemel
Daniel Zemel, Esq.
Zemel Law LLC