**KLEHR HARRISON
HARVEY BRANZBURG**LLP

Corinne S. Brennan
Direct Dial: (215) 569-3393
Email:  cbrennan@klehr.com

June 4, 2026

**VIA CM/ECF**
The Honorable Kelley Brisbon Hodge
U.S. District Court, Eastern District of Pennsylvania
15614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> **Re:    Johns v. Nelnet Servicing, LLC, et al.**
> **U.S.D.C. (E.D. Pa.), Civil Action No. 2:22-cv-4791-KBH (the "Civil Action")**
>
> **Request for Leave to File Sur-Reply Brief (the "Sur-Reply")**

Dear Judge Hodge:

This firm represents defendant Nelnet Servicing, LLC ("Nelnet") in the above-referenced Civil Action.  Nelnet writes to respectfully request leave of Court to file a sur-reply brief in response to Plaintiff's Reply in Further Support of Her Motion for Reconsideration (the "Motion") and Response to Defendant Nelnet's Opposition [ECF No. 241] (the "Brief") and the Clarification of Plaintiff's Reply in Further Support of Motion for Reconsideration as to Defendant Nelnet [ECF No. 245] (the "Clarification" and, together with the Brief, the "Reply").

The reason for Nelnet's request for leave is two-fold but focused solely on Plaintiff's request for reconsideration of the issue of familial fraud that is now before this Court.  First, Plaintiff Alycia Johns ("Plaintiff") has attached to the Reply an Exhibit containing four (4) cherry-picked pages from an eighteen (18) page piece of her document production that was **not made a part of the record in this case by Nelnet, Plaintiff, or any other party, during summary judgment, or at any other time**, a fact which Plaintiff concedes.  Second, in a shockingly unethical and blatant attempt to intentionally mislead this Court, Plaintiff has furthermore claimed that "Nelnet received Plaintiff's documentation [indicating familial fraud] as of 2/8/2021"—all while explicitly referencing the Exhibit.  Brief, p. 4.  Only after your undersigned questioned this egregious misrepresentation did Plaintiff concede that this specific document was not actually sent to Nelnet until October 14, 2022—which, again, only provides support for this Court's finding that Nelnet had no knowledge the fraud was familial during any of its many investigations.[1]  See Clarification, p. 2.

---

[1] A true and correct copy of the correspondence between counsel is enclosed herewith.

1835 MARKET STREET  |  SUITE 1400  |  PHILADELPHIA, PA 19103  | t 215.569.2700  |  f 215.568.6603 |  www.klehr.com

PENNSYLVANIA  |  NEW JERSEY  |  DELAWARE  |  NEW YORK

PHIL1\20121819.v1



June 4, 2026
Page 2

Accordingly, Nelnet respectfully requests leave of Court to file a sur-reply to brief these two issues.[2]  To be sure, Plaintiff did not request leave of this Court to supplement the record, nor did Plaintiff seek leave of this Court to file supplemental briefing in the form of a "Clarification" or exceed the page limitation for briefing, which the Reply clearly now does.  Instead, Plaintiff simply filed the Exhibit, all the while intentionally failing to advise the Court that it was not a part of the record on summary judgment.  <u>See</u> <u>generally</u> Brief.  Finally, and because Plaintiff utterly failed to seek reconsideration of, or mention or even reference this Exhibit anywhere in the Motion,[3] Nelnet has been stripped of any opportunity to respond to its great prejudice.[4]

Should leave of Court be denied, Nelnet respectfully requests through this submission that the Reply—or even just the Exhibit and those portions of the Brief that reference the Exhibit—be stricken as inappropriately filed to remove the offending materials from the record in the event of an appeal.

Thank you for your consideration.

Respectfully submitted,

Corinne Samler Brennan

Enclosure

---

[2] Because your undersigned will be out of the office and traveling June 5, 2026 through June 8, 2026, it is respectfully requested that any Order granting leave set a deadline at least five (5) days after the date of the entry of the Order.

[3] In the Motion, Plaintiff expressly stated "Here, Plaintiff does not argue that there was an intervening change in controlling law, nor does she argue that new evidence has emerged.  Plaintiff instead respectfully submits that the Court overlooked material evidence in the record and misapplied evidence to the law."  ECF No. 228, p. 4.  Plaintiff does <u>not</u> request <u>at any point</u> for this Court to consider "omitted evidence," thereby waiving any such argument. Clarification, p. 2.

[4] In the extraordinary case this Court determines that consideration of the Exhibit is appropriate at this juncture (which it should not), it would be highly prejudicial for Nelnet not to have an opportunity to respond with its own off-the-record Exhibits.  Accordingly, in such an event, Nelnet would respectfully request an opportunity—outside of the Sur-Reply, which will focus solely on why the Exhibit is inappropriate—to make its own submission.

PHIL1\20121819.v1

## Brennan, Corinne

**From:**       Daniel Zemel <dz@zemellawllc.com>
**Sent:**       Thursday, June 4, 2026 4:23 PM
**To:**         Brennan, Corinne
**Cc:**          Nicholas Linker
**Subject:**     Re: Alycia Johns-ECF No. 241

Corinne,

The thing is that the exhibit is directly consistent with Plaintiff's testimony as to the earlier ID theft package. So, it is important for the Court to see this within the proper context. The court should just know that the exhibit was produced as part of the online submission. Striking this in its entirety is improper. I was surprised to see that this wasn't already attached as an exhibit but that was error.

We will act accordingly.

On Thu, Jun 4, 2026 at 4:07 PM Brennan, Corinne <CBrennan@klehr.com> wrote:

Daniel,


The only acceptable outcome for my client is striking ECF No. 241 (with all attachments) off the docket so that both the document and the argument made in reliance upon the document are not part of the record in the event of an appeal.  My client will not object to timeliness if you thereafter wish to file a revised reply (without attaching evidence outside the record on summary judgment) within a reasonable amount of time.



**CORINNE BRENNAN | PARTNER**
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street  |  Suite 1400  |  Philadelphia, PA 19103
t 215.569.3393
**CBrennan@klehr.com  |  www.klehr.com  |  Read My Bio**

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please immediately contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Daniel Zemel <dz@zemellawllc.com>
**Sent:** Thursday, June 4, 2026 4:01 PM
**To:** Brennan, Corinne <CBrennan@klehr.com>
**Cc:** Nicholas Linker <NL@zemellawllc.com>
**Subject:** Re: Alycia Johns-ECF No. 241

1

Corinne,

We've been reviewing your point here and considering it. We don't want our filing to be misconstrued by the Court. We can agree to provide a clarification as to the Exhibit, within the Reply to address your concerns. Please let us know if this is acceptable, prior to your 5:00pm deadline.

On Wed, Jun 3, 2026 at 5:35 PM Brennan, Corinne <CBrennan@klehr.com> wrote:

Nick:

As you are aware, this is highly inappropriate for no less than two reasons: one, these documents have been in your possession since the inception of the case (and in your client's possession far longer than that), but were not made a part of the record on summary judgment, and therefore cannot be considered by the Court at the reconsideration stage; and, two, you have plainly cherry picked only certain pages from your third production while conveniently omitting the email sending them to Nelnet, dated October 14, 2022, in a transparent and desperate attempt to intentionally mislead the Court.  This is not only a violation of the law governing the reconsideration process, it is blatantly unethical.  If you do not voluntarily **strike** ECF No. 241, with all of its attachments, on or before tomorrow, June 4, 2026 at 5:00 p.m. ET, I will have no choice but to seek leave to file a sur-reply with the Court that not only brings **both** of these issues to the Court's attention, but requests an order striking the entire reply, with payment of my fees and costs under 28 U.S.C. 1927, as a result.

Please be guided accordingly.



**CORINNE BRENNAN | PARTNER**
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street  **|**  Suite 1400  **|**  Philadelphia, PA 19103
t 215.569.3393
**CBrennan@klehr.com  |  www.klehr.com  |  Read My Bio**

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please immediately contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Nicholas Linker <NL@zemellawllc.com>
**Sent:** Wednesday, June 3, 2026 1:09 PM

**To:** Brennan, Corinne <CBrennan@klehr.com>; Daniel Zemel <dz@zemellawllc.com>
**Subject:** Re: Alycia Johns-ECF No. 241

Cori,

As we've cited on SJ and the motion for reconsideration, Plaintiff's deposition clearly mentions multiple times providing the documents to Nelnet. See, e.g., Plaintiff's Dep, 463:5-11. We're just providing the actual documents to the Court. We note that the documents were not provided on SJ.

On Wed, Jun 3, 2026 at 10:30 AM Brennan, Corinne <CBrennan@klehr.com> wrote:

Nick,

Please advise as soon as possible where in the summary judgment record I can find PL103 and PL105-107, attached to the above-referenced document as Exhibit A.  Thank you.



**CORINNE BRENNAN | PARTNER**
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street  |  Suite 1400  |  Philadelphia, PA 19103
t 215.569.3393
**CBrennan@klehr.com  |  www.klehr.com  |  Read My Bio**

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please immediately contact the sender by reply email and destroy all copies of the original message and any attachments.

--

Nick Linker, Esq.

**ZEMEL LAW, LLC**

3

660 Broadway

Paterson, New Jersey 07514

T: (862) 227-3106

F: (973) 282-8603

NL@zemellawllc.com


================================================================

*This email may contain information of a privileged or confidential nature, or may be otherwise exempt from disclosure under work product doctrine or other applicable law.  If you are not the addressee or it appears you  have received this email in error, kindly notify the sender immediately.  Please ignore this communication and delete it along with any attachments immediately.  The reproduction, dissemination, or distribution of this communication is prohibited.  Thank you for your courtesies in this matter.*


--

Daniel Zemel, Esq.


**ZEMEL LAW, LLC**

660 Broadway

Paterson, New Jersey 07514

T: (862) 227-3106

F: (973) 282-8603

DZ@zemellawllc.com


==========================================================

*This email may contain information of a privileged or confidential nature, or may be otherwise exempt from disclosure under work product doctrine or other applicable law.  If you are not the addressee or it appears you  have received this email in error, kindly notify the sender immediately.  Please ignore this communication and delete it along with any attachments immediately.  The reproduction, dissemination, or distribution of this communication is prohibited.  Thank you for your courtesies in this matter.*

*Any accounting, or tax advice contained in this communication, including attachments and enclosures, is not intended as a thorough, in-depth analysis of specific issues, nor a substitute for a formal opinion, nor is it sufficient to avoid tax-related penalties.  This Firm does not specialize in tax law, nor do we offer tax or accounting services of any kind.  Please consult a tax law or accounting expert on issues concerning same.*

*This email may contain a request to obtain personal and confidential  information including dates of birth, medical records, and/or social security numbers. In sending documents with this kind of personal information, please do not send these documents to me using regular email correspondence. This type of information should be sent by fax transmission or by encrypted email.*

--
Daniel Zemel, Esq.

**ZEMEL LAW, LLC**
660 Broadway
Paterson, New Jersey 07514
T: (862) 227-3106
F: (973) 282-8603
DZ@zemellawllc.com

==============================================================
*This email may contain information of a privileged or confidential nature, or may be otherwise exempt from disclosure under work product doctrine or other applicable law.  If you are not the addressee or it appears you  have received this email in error, kindly notify the sender immediately.  Please ignore this communication and delete it along with any attachments immediately.  The reproduction, dissemination, or distribution of this communication is prohibited.  Thank you for your courtesies in this matter.*

*Any accounting, or tax advice contained in this communication, including attachments and enclosures, is not intended as a thorough, in-depth analysis of specific issues, nor a substitute for a formal opinion, nor is it sufficient to avoid tax-related penalties.  This Firm does not specialize in tax law, nor do we offer tax or accounting services of any kind.  Please consult a tax law or accounting expert on issues concerning same.*

*This email may contain a request to obtain personal and confidential  information including dates of birth, medical records, and/or social security numbers. In sending documents with this kind of personal information, please do not send these documents to me using regular email correspondence. This type of information should be sent by fax transmission or by encrypted email.*