**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

ALYCIA JOHNS,                                       CASE NO. 2:22-cv-04791-KBH
          Plaintiff,

    vs.

NELNET; SANTANDER CONSUMER USA;
FIRST PREMIER BANK; RESURGENT
CAPITAL SERVICES LP; LVNV FUNDING;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS,
INC.; INNOVIS DATA SOLUTIONS INC.; and
TRANSUNION, LLC;
          Defendants.

---

**DEFENDANT TRANS UNION LLC'S REPLY IN SUPPORT OF ITS MOTION FOR**
**CLARIFICATION OF SUMMARY JUDGMENT MEMORANDUM**

---

Defendant consumer reporting agency Trans Union LLC ("Trans Union"), by counsel, submits this Reply in Support of its Motion for Clarification [Dkt. No. 224] of the Court's Memorandum [Dkt. No. 222] (the "Memorandum") granting in part Trans Union's Motion for Summary Judgment [Dkt. No. 140] on the very narrow issue of whether the Court's dismissal of Plaintiff's Section 1681e(b) reasonable procedures claim against co-Defendant consumer reporting agency Equifax Information Services, LLC ("Equifax") applies equally to Plaintiff's identical Section 1681e(b) reasonable procedures claim against Trans Union.

For the reasons discussed in Trans Union's Motion, and as further outlined below, Trans Union respectfully requests that the Court enter judgment in favor of Trans Union on Plaintiff's Section 1681e(b) reasonable procedures claim, for the same reasons set forth in the Court's Memorandum on Plaintiff's Section 1681e(b) reasonable procedures claim against Equifax.

1

## I.   **<u>INTRODUCTION</u>**

As discussed in the Motion, Trans Union moved for summary judgment on each of Plaintiff's claims in this matter, arguing that Plaintiff has not met her burden to establish that Trans Union violated Sections 1681e(b), 1681i and 1681c-2 of the Fair Credit Reporting Act ("FCRA") by reporting and verifying seven accounts that Plaintiff alleges were opened as a result of identity theft by her adoptive parents. *See generally* Trans Union's Brief in Support of its Motion for Summary Judgment [Dkt. No. 140-40]. Trans Union also argued that summary judgment was proper because Plaintiff cannot demonstrate that Trans Union's reporting of the accounts was a substantial factor for any of Plaintiff's damages. *See id.* at 16-22. Co-Defendant and fellow consumer reporting agency ("CRA") Equifax also filed a motion for summary judgment, asserting many of the same arguments as set forth in Trans Union's motion. *See* Dkt. No. 131.

As it is relevant to the instant Motion, the Court held that Equifax was entitled to judgment on Plaintiff's Section 1681e(b) reasonable procedures claim because Plaintiff "has offered no evidence that Nelnet, Santander, First Premier, and LVNV/Resurgent are unreliable furnishers" and "no evidence supports that Equifax maintains a blanket policy not to investigate a third dispute on the same account." *See* Memorandum at 53. The Court explained, "Johns takes a vast leap in asserting that a consumer's dispute of an alleged inaccuracy constitutes notice that a furnisher is unreliable. If that were the case, why would the FCRA impose obligations on those furnishers to investigate? Instead, notice of dispute informs the CRA to reinvestigate, which includes contacting the furnishers and receiving their response to the dispute." *Id*. Therefore, the Court held that "Johns cannot establish that Equifax failed to follow reasonable procedures to assure maximum possible accuracy, and grants summary judgment in favor of Equifax on the § 1681e(b) claim." *Id*.

For the reasons discussed in the Motion and as further explained below, these findings by the Court are equally applicable to Trans Union, and judgment should also be entered in favor of Trans Union on Plaintiff's Section 1681e(b) reasonable procedures claim.

## II.    DISCUSSION

Plaintiff opposes the Court's extension of its Section 1681e(b) holdings to Trans Union. *See generally* Plaintiff's Opposition to Trans Union's Motion for Clarification [Dkt. No. 242] (the "Opposition").[1]    Plaintiff argues that the Motion was improperly captioned as a motion for clarification, rather than a motion for reconsideration, and that Trans Union cannot retroactively seek summary judgment for an argument not previously made. *See id.*   As an initial matter, Trans Union's Motion was not improperly captioned.   Trans Union is not seeking reconsideration of the Court's holdings, it is seeking clarification on whether the Court's entry of judgment for Equifax on the Section 1681e(b) claims would preclude Plaintiff from pursuing identical claims against Trans Union at trial.   *See* Motion.   As Plaintiff acknowledges in her opposition, "[a] motion for clarification is available for parties to ask a court to explain or clarify something ambiguous or vague about a court's decision."   *See* Opposition at 1 (citing *Solid State Chemicals Ltd. v. Ashland LLC*, No. 2:19-CV-01044-MJH, 2022 WL 2116655, at *2 (W.D. Pa. May 26, 2022)).

Plaintiff then cites *Habas Sinai Ve Tibbi Gazlar Istihsal A.S. v. Int'l Tech. & Knowledge Co., Inc.* to suggest that "[TU]'s motion does not seek clarification . . . Rather, [TU] asks the Court to reconsider its summary judgment decision. This request is not only untimely, but improperly

---

[1] It appears that Plaintiff missed her deadline to respond to Trans Union's Motion by over 30 days.  The Motion was filed on April 14, 2026, but Plaintiff did not respond until June 2, 2026.  Pursuant to Local Rule 7.1, "any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief."  L.R. 7.1(c).  Although Plaintiff sought an extension of time to file her own Motion for Reconsideration (Dkt. No. 227) and sought an extension of time to file Replies related to co-Defendants Nelnet and First Premier (Dkt. No. 237), Plaintiff did not ask for more time to respond to Trans Union's Motion.  Nevertheless, the Court's docket text on May 27, 2026, appears to have reset the deadline for a response to June 2, 2026.

raises an argument not previously raised." *See* Opposition at 1 (quoting *Habas,* No. CV 2:19-608, 2026 WL 1481132, at \*3 (W.D. Pa. May 27, 2026)). As an initial matter, Trans Union's Motion was not untimely, unlike the motion in *Habas,* which was filed fourteen months after summary judgment. *See id.* at \*1. But beyond this, the defendant in *Habas* sought a complete reversal of the court's summary judgment holding that a contract was formed between the parties, and separately offered a new theory about the parties' disagreement regarding the identity of the goods. *See id.*

In this case, the issue was preserved by Trans Union, and the Court fully addressed and ruled on identical arguments made by Equifax. *See* Trans Union's Brief in Support of the Motion [Dkt. No. 224-1] (the "Brief") at 4-5. As discussed in the Motion, Federal Rule of Civil Procedure ("Rule") 56(f) allows for judgment independent of a motion, and provides the Court with authority to: "(1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." *See* Brief at 4 (quoting Fed. R. Civ. P. 56(f)(1-3)); *see also, e.g., Gibson v. Mayor of Wilmington*, 355 F.3d 215, 222-23 (3d Cir. 2004) (recognizing authority "to allow a court to grant summary judgment to a non-moving party" but requiring that the other party is "on notice that the court is considering a *sua sponte* summary judgment motion" (emphasis and citation omitted)).

Here, Plaintiff had an opportunity to fully respond to Equifax's arguments at summary judgment, which she did, and to fully respond to Trans Union's argument for extension of the Court's holding, which she did. Nevertheless, Plaintiff's Opposition completely fails to address the above-referenced authority permitting the Court to grant summary judgment to a non-moving party, and Plaintiff provides no explanation for how her identical claim against Trans Union could

4

survive without the required proof that the furnishers of information were unreliable. *See generally* Opposition. Additionally, Plaintiff fails to explain how a trial on this claim would be an appropriate use of the parties' and the Court's time and resources, or how a jury verdict in Plaintiff's favor on this issue would be consistent with the Court's finding that, as a matter of law, a consumer's dispute of an alleged inaccuracy is insufficient to constitute notice that a furnisher is unreliable. *Compare* Brief at 5 *with* Opposition.

### III.    CONCLUSION

For the foregoing reasons, as well as those set forth in the Motion and in Trans Union's Motion for Summary Judgment and the Court's Memorandum, Trans Union respectfully requests that the Court enter judgment in favor of Trans Union on Plaintiff's Section 1681e(b) reasonable procedures claim, for the same reasons set forth in the Court's Memorandum on Plaintiff's Section 1681e(b) reasonable procedures claim against Equifax, along with any other just and proper relief.

Date:   June 9, 2026                                    Respectfully submitted,


                                                        */s/  Scott E. Brady*
                                                        Scott E. Brady, Esq. (IN #30534-49)
                                                         (admitted *Pro Hac Vice*)
                                                        Quilling, Selander, Lownds, Winslett &
                                                        Moser, P.C.
                                                        10333 North Meridian Street Suite 200
                                                        Indianapolis, IN 46290
                                                        Telephone: (317) 497-5600, Ext. 602
                                                        Fax: (317) 899-9348
                                                        E-Mail:  sbrady@qslwm.com

                                                        *Counsel for Defendant Trans Union LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **9th day of June, 2026**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Daniel Zemel, Esq.<br>dz@zemellawllc.com | Corinne S. Brennan, Esq.<br>cbrennan@klehr.com |
| Nicholas J. Linker, Esq.<br>nl@zemellawllc.com | Lauren M. Burnette, Esq.<br>lburnette@messerstrickler.com |
| Eric F. Barton, Esq.<br>ebarton@seyfarth.com | Julius Kairey, Esq.<br>jkairey@jonesday.com |
| Daniel J.T. McKenna, Esq.<br>mckennad@ballardspahr.com | Mohammad A. Ghiasuddin, Esq.<br>mghiasuddin@margolisedelstein.com |
| William P. Reiley, Esq.<br>reileyw@ballardspahr.com | Adam T. Hill, Esq.<br>ahill@seyfarth.com |
| Joel E. Tasca, Esq.<br>tasca@ballardspahr.com | Stacy A. Orvetz, Esq.<br>sorvetz@clarkhill.com |
| Patrick L. Wright, Esq.<br>pwright@jonesday.com | Vincent M. Roskovensky, Esq.<br>vroskovensky@clarkhill.com |
| Heather H. Sharp, Esq.<br>hsharp@seyfarth.com | Vincent M. Roskovensky, Esq.<br>vroskovensky@clarkhill.com |

*/s/  Scott E. Brady*
Scott E. Brady, Esq. (IN #30534-49)
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett &
Moser, P.C.
10333 North Meridian Street Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 602
Fax: (317) 899-9348
E-Mail:  sbrady@qslwm.com

*Counsel for Defendant Trans Union LLC*

6