## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

---

ALYCIA JOHNS,
        Plaintiff,

    vs.

NELNET SERVICING, LLC; SANTANDER        CASE NO. 2:22-cv-04791-KBH
CONSUMER USA; FIRST PREMIER BANK;
RESURGENT CAPITAL SERVICES LP; LVNV
FUNDING; EQUIFAX INFORMATION
SERVICES LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; INNOVIS DATA
SOLUTIONS INC.; and TRANSUNION, LLC;
        Defendants.

---

### TRANS UNION LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HER MOTION FOR RECONSIDERATION

---

Defendant consumer reporting agency Trans Union LLC ("Trans Union"), by counsel, respectfully submits its Response to Plaintiff's Notice of Supplemental Authority [Dkt. No. 243] (the "Notice") in support of her Motion for Reconsideration [Dkt. No. 228] (the "Motion") of the Court's Memorandum Opinion granting in part Trans Union's Motion for Summary Judgment and denying Plaintiff's Motion for Partial Summary Judgment.

Plaintiff asks the Court to consider *Kaplan v. Trans Union, LLC*, No. 24CV2438, 2026 WL 1180056 (E.D. Pa. Apr. 29, 2026) in conjunction with her argument in the Motion that the Court erred in granting summary judgment for Trans Union on Plaintiff's Section 1681c-2 claim by finding that Plaintiff's incident report was insufficient to trigger an automatic fraud block under the Fair Credit Reporting Act ("FCRA") because Plaintiff made material misrepresentations in the incident report regarding the identity theft. Plaintiff states that she "recently became aware" of the *Kaplan* decision, although it was published the day before she filed her Motion.

1

Nevertheless, *Kaplan* does not impact the Court's analysis.  Under Rule 59(e), "a court may amend a judgment if (1) an intervening change in the law has occurred; (2) new evidence not previously available has emerged; or (3) the need to correct a clear error of law or prevent a manifest injustice arises." *United States v. Gates*, No. CR 17-564, 2020 WL 3407132, at *1 (E.D. Pa. Apr. 21, 2020) (citation omitted).  Plaintiff argues in her Notice of Supplemental Authority that "[t]he evidence in Kaplan supports [her] argument." *See* Notice at 1.  However, Plaintiff does not and cannot point to any evidence in the *Kaplan* record specific to her claims, and she does not explain how the factual record in *Kaplan* constitutes "new evidence not previously available." "New evidence," for reconsideration purposes, "does not refer to evidence that a party obtains or submits to the court after an adverse ruling." *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010).  "Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Id.*

In any event, the Court's discussion in *Kaplan* does not require alteration of the Court's rulings in this case.  As the Court correctly held, "[e]ven if the CRAs had placed a block, they would have the right to rescind the block based on learning this information." *See* Memorandum at 57.  "Because Johns's dispute contained a material misrepresentation relevant to her request, the CRAs were not required to block the tradelines." *Id.*  Judge Beetlestone similarly acknowledged in *Kaplan* that "a credit reporting agency 'may decline ... any block' if it 'reasonably determines' any of the three statutory exceptions have been met." *Kaplan*, 2026 WL 1180056 at *6.  This requirement was satisfied here.  As discussed in Trans Union's Opposition to the Motion, Trans Union's corporate representative testified, "I see the denial reason being that an account listed in the consumer's correspondence reflects at least 12 months of good payment history" and that the

decision was made "in alignment with our policies and procedures."  *See* Tilghman Dep [Dkt. No. 137-7] at 117:1-4, 118:23-24.  Ms. Tilghman repeated this answer multiple times.  *See id.* at 117-119.

Nonetheless, the *Kaplan* decision does not address all of the issues and arguments set forth in Trans Union's Opposition to the Motion, and there is numerous additional authority confirming that the Court's analysis in this case is supported by the text and context of the FCRA.

Respectfully submitted,


*/s/  Scott E. Brady*
Scott E. Brady, Esq. (IN #30534-49)
 (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett &
Moser, P.C.
10333 North Meridian Street Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 602
Fax: (317) 899-9348
E-Mail:  sbrady@qslwm.com


Paul L. Myers, Esq. (329574)
Quilling, Selander, Lownds, Winslett &
 Moser, P.C.
5801 Tennyson Pkwy, Suite 440
Plano, TX  75024
Telephone:  (214) 560-5452
Fax:  (214) 871-2111
E-Mail:  pmyers@qslwm.com

*Counsel for Defendant Trans Union LLC*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **9th day of June, 2026**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Daniel Zemel, Esq. <br> dz@zemellawllc.com | Corinne S. Brennan, Esq. <br> cbrennan@klehr.com |
| Nicholas J. Linker, Esq. <br> nl@zemellawllc.com | Lauren M. Burnette, Esq. <br> lburnette@messerstrickler.com |
| Eric F. Barton, Esq. <br> ebarton@seyfarth.com | Julius Kairey, Esq. <br> jkairey@jonesday.com |
| Daniel J.T. McKenna, Esq. <br> mckennad@ballardspahr.com | Mohammad A. Ghiasuddin, Esq. <br> mghiasuddin@margolisedelstein.com |
| William P. Reiley, Esq. <br> reileyw@ballardspahr.com | Heather H. Sharp, Esq. <br> hsharp@seyfarth.com |
| Joel E. Tasca, Esq. <br> tasca@ballardspahr.com | Stacy A. Orvetz, Esq. <br> sorvetz@clarkhill.com |
| Patrick L. Wright, Esq. <br> pwright@jonesday.com | Vincent M. Roskovensky, Esq. <br> vroskovensky@clarkhill.com |
| Adam Hill, Esq. <br> ahill@swkattorneys.com | |

/s/  Scott E. Brady
Scott E. Brady, Esq. (IN #30534-49)
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett &
Moser, P.C.
10333 North Meridian Street Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 602
Fax: (317) 899-9348
E-Mail:  sbrady@qslwm.com

*Counsel for Defendant Trans Union, LLC*

4