**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALYCIA JOHNS, | Civil Action No. 2:22-cv-4791-KBH |
| Plaintiff | |
| v. | |
| NELNET SERVICING, LLC; FIRST PREMIER BANK; LVNV FUNDING; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANSUNION, LLC, | |
| Defendants | |

**DEFENDANT NELNET SERVICING, LLC'S SUR-REPLY IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO THE MOTION FOR RECONSIDERATION FILED BY PLAINTIFF ALYCIA JOHNS**

Defendant Nelnet Servicing, LLC ("Nelnet") hereby files this sur-reply (the "Sur-Reply") in support of its response in opposition to the Motion for Reconsideration (the "Motion") filed by plaintiff Alycia Johns ("Plaintiff") to specifically address a document (the "Exhibit") introduced by Plaintiff <u>not in the Motion</u>—and **not even during the course of summary judgment briefing**—but <u>**only for the first time in the Reply**</u> in Further Support of the Motion (the "Reply") and the subsequently-filed and so-called Clarification of Plaintiff's Reply in Further Support of the Motion (the "Clarification" and, with the Reply, the "Reply Brief"). For the reasons set forth herein, the Motion should be denied, the offending material should be stricken from the docket, and Plaintiff's counsel should be sanctioned.

As this Court may recall, the evidence regarding Nelnet's knowledge of the familial nature of Plaintiff's claims of identity theft has long been the subject of Plaintiff's fantastical characterizations. During summary judgment briefing, Nelnet pointed out that Plaintiff's claim to

1

20128786.v1

have "repeatedly called Nelnet to inform them of the fact that the identity theft was familial" was "a *blatant misstatement* of the record for which Plaintiff's counsel should be censured," provided there was "**nothing** to support this claim, whether in Plaintiff's pinpoint citation or elsewhere." ECF No. 184, p. 8 (emphasis in original). This Court agreed with Nelnet's observation, specifically finding that Plaintiff had "brazenly assert[ed] without any evidentiary support that she called Nelnet and told them that this was familial fraud." Opinion, p. 50. It is this specific conclusion with which Plaintiff originally took issue and sought reconsideration.

However, now—despite claiming her argument on reconsideration is "**focused on the Opinion's one line that Plaintiff did not submit evidentiary support that she <u>called Nelnet</u> and told them she was a victim of familial fraud**"—Plaintiff alleges that Nelnet "fails to rebut the most critical piece of evidence submitted, which the Court also failed to apprehend on summary judgment," citing Nelnet's knowledge that Plaintiff was claiming to be a victim of identity theft. Reply, p. 1-2 (emphasis added). Knowledge Nelnet would have gained from Plaintiff's generic disputes—such that she claimed to be a victim of identity theft—is not only unrelated to her making a telephone call but has nothing to do with the issue of familial fraud.[1] Plaintiff then goes on to point to testimony that an unspecified "ID theft package" was received by Nelnet, thereafter inexplicably and dishonestly citing—for the first time—to the Exhibit as a purported example of how "Plaintiff provided the [familial fraud] narrative [to Nelnet] in clear detail" "as early [as] February 8, 2021." Id. at p. 2. It is alarming that Plaintiff attached a document to the Reply that was not made a part of the record on summary judgment, but it is downright disturbing that she intentionally concealed this fact from the Court, falsely claiming "the Court missed this critical

---

[1] There is no dispute that Nelnet was made aware that Plaintiff was claiming to be the victim of generic identity theft. However, the deponent specifically testified Nelnet was not made aware during the investigatory process that Plaintiff was claiming to be the victim of *familial fraud*, as discussed in Nelnet's summary judgment briefing. See ECF No. 129-31 (Latimer Tr., Exhibit AA, p. 188, Lines 19-24; p. 189, Lines 1-5).

2

fact, and Nelnet failed to rebut it." See id. Even more astonishingly, Plaintiff has failed to disclose not only that the Exhibit was *not* shown to the deponent at any point during—or even marked at—his deposition,[2] but that the full and complete copy of the Exhibit, as produced by Plaintiff from her own files, confirms it was not sent to Nelnet until **October 14, 2022**—more than eighteen (18) months later.[3] In other words, there is nothing in the record to support Plaintiff's claim that Nelnet had knowledge of the familial fraud by February 8, 2021, or at any time during its investigations, and any argument to the contrary represents a complete fabrication of evidence.

Beyond Plaintiff's dishonesty, it has long been the rule in the Third Circuit that "[w]here evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citing DeLong Corp. v. Raymond Int'l Inc., 662 F.2d 1135, 1139-40 (3d Cir. 1980)); see also Bailey v. United Airlines, 279 F.3d 194, 201 (3d Cir. 2002); Pavlik v. Lane Ltd./Tobacco Exporters Int'l, 135 F.3d 876, 882 n.2 (3d Cir. 1998) (confirming "under our rule in *Harsco Corp. v. Zlotnicki…*where evidence is not newly discovered, a party may not submit that evidence in support of a motion to reconsider a grant of summary judgment"). Plaintiff's citation to Fifth Circuit case law on this issue is neither binding nor persuasive. See Clarification, pp. 2-3. Instead, Plaintiff's effort to introduce the Exhibit now "raises significant problems," because it makes clear that Plaintiff's intent in seeking reconsideration is nothing other than asking for a "second bite of the apple" or "another roll of the dice." Conway v. A.I. duPont Hosp. for Children, 2009 WL 1492178, at *4 (E.D. Pa. May 26, 2009) (quoting Calhoun v. Mann, 2009 WL 159276 (E.D. Pa. Jan. 22, 2009); Envtl. Tectonics Corp. v. Walt Disney World Co., 2008 WL 2405751 (E.D. Pa. June 13, 2008)).

---

[2] In spite of this, Plaintiff incredibly argues that the Exhibit "simply provides the specific content of the document which was repeatedly addressed in…the depositions of both Nelnet and Plaintiff." Clarification, p. 3.

[3] A full and complete copy of the Exhibit, as produced by Plaintiff during the course of discovery in this case, is concurrently being submitted to this Court on an *in camera* basis to keep off-record materials off the docket.

20128786.v1

Plaintiff's failure to include the Exhibit in the summary judgment record also "does not support a claim for manifest injustice," and this Court "did not—and indeed, cannot—give license to supplement the summary judgment record with additional evidence, or to reargue the parties' summary judgment motions. In other words, the ship has sailed." Broadcast Music, Inc. v. Crocodile Rock Corp., 2014 WL 3953182, at *3 (E.D. Pa. Aug. 12, 2014); Chambers v. School Dist. of Phila. Bd. of Educ., 2012 WL 3279243, at *5 (E.D. Pa. Aug. 13, 2012). Accordingly, the only appropriate resolution of the improper introduction of the Exhibit is to strike it off the record and decline to consider it. See Chambers, 2012 WL 3279243, at *5 (striking the "affidavit and accompanying exhibits from the record as having been improperly tendered").

In the alternative, Plaintiff's failure to include the Exhibit in the record, followed by her failure to make any specific reference to the Exhibit in the Motion, amounts to waiver. It is axiomatic that "[a]n issue is waived unless a party raises it in its opening brief." Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (citing Simmons v. City of Phila., 947 F.2d 1042, 1066 (3d Cir. 1991). "A reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief; it is not intended as a forum to raise new issues." United States v. Martin, 454 F.Supp.2d 278, 281 n. 3 (E.D. Pa. Oct. 5, 2006) (citing United States v. Medeiros, 710 F. Supp. 106, 109 (M.D. Pa. 1989)). Because Plaintiff's "only request" for consideration of the Exhibit "was made in [her] Reply in Support of [the] Motion for Reconsideration," it is appropriate to "treat[] such a delay as a type of waiver." Levin v. Silverberg, 2024 WL 4973468, at *8 (E.D. Pa. Dec. 3, 2024) (citing Egger v. Marriot Int'l. Inc., 2011 WL 6133280, at *3 (E.D. Pa. Dec. 8, 2011)). Accordingly, Plaintiff has waived any right to seek reconsideration of the familial fraud issue based on the evidentiary value of the Exhibit, and both the Exhibit—and all references thereto—should not be considered by this Court.

20128786.v1

Zealous advocacy is admirable. But engaging in practices that violate the professional standards of conduct is both unethical and sanctionable. Here, the introduction of additional evidence—an action clearly prohibited at this juncture—was made worse by Plaintiff's decision not to advise the Court that it was not a part of the record.[4] And Plaintiff's misleading characterizations of the Exhibit—from falsely claiming it was the subject of specific deposition testimony, to deliberately concealing the first date the Exhibit appeared in the physical record—are unethical. This Court has both statutory and inherent power to sanction this type of behavior. See 28 U.S.C. § 1927; United States v. Hudson & Goodwin, 11 U.S. 32, 34 (1812); Ex parte Burr, 22 U.S. 529, 531 (1824)). Simply put, Nelnet would not have been required to file this Sur-Reply had Plaintiff's counsel conducted himself appropriately, and Plaintiff's counsel should be required to compensate Nelnet for the attorneys' fees expended in connection therewith.

WHEREFORE, Nelnet respectfully requests that (a) the relief sought in the Motion be denied; (b) the Reply, with all attachments [ECF Nos. 241 and 241-1], and Clarification [ECF No. 245] be stricken in their entirety or, in the alternative, that the Exhibit [ECF No. 241-1], references to the Exhibit [portions of ECF No. 241], and the Clarification [ECF No. 245] be stricken from the record; (c) this Court exercise its inherent power to sanction Plaintiff's counsel and order payment of Nelnet's attorneys' fees in an amount no less than Two Thousand Five Hundred and 00/100 Dollars ($2,500.00); and (d) this Court grant such other and further relief to Nelnet as may be appropriate under the circumstances.

---

[4] Plaintiff did not inform this Court the Exhibit was not in the record until your undersigned demanded an explanation. See ECF No. 246 (enclosure); see also Motion, p. 2 ("Plaintiff does not argue…that new evidence has emerged. Plaintiff instead respectfully submits that **the Court overlooked material evidence in the record**") (emphasis added); Reply, p. 1 ("Plaintiff's grounds for reconsideration regarding Nelnet are precisely targeted: **the record contains overwhelming**…**documentary evidence** from which a reasonable jury could infer that Nelnet maintained prior, systemic knowledge of the familial fraud") (emphasis added).

20128786.v1

Respectfully submitted:

**KLEHR HARRISON HARVEY BRANZBURG LLP**

By:    */s/Corinne Samler Brennan*
Corinne Samler Brennan, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: 215-569-2700
cbrennan@klehr.com

*Attorneys for Nelnet Servicing, LLC*

Dated: June 12, 2026

6

20128786.v1

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALYCIA JOHNS, | Civil Action No. 2:22-cv-4791-KBH |
| Plaintiff | |
| v. | |
| NELNET SERVICING, LLC; FIRST PREMIER BANK; LVNV FUNDING; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANSUNION, LLC, | |
| Defendants | |

**CERTIFICATE OF SERVICE**

I, Corinne Samler Brennan, Esquire, hereby certify that a copy of Defendant Nelnet Servicing, LLC's Sur-Reply in Support of its Response in Opposition to the Motion for Reconsideration filed by Plaintiff Alycia Johns was served upon all counsel of record via the Court's ECF electronic-filing system on the date set forth below.

By:  */s/Corinne Samler Brennan*
Corinne Samler Brennan, Esquire

Dated: June 12, 2026

20128786.v1